FILED
**June 3, 2024**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLEN LLEWELLYN JENKINS | CHAPTER 13 |
| Debtor | |
| | |
| JACK N. ZAHAROPOULOS | |
| CHAPTER13 TRUSTEE | CASE NO: 4-23-02808-MJC |
| Movant | |
| vs. | |
| GLEN LLEWELLYN JENKINS | |
| Respondent | |

### DEBTOR/RESPONDENT'S OBJECTION/RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, dated May 13, 2024, Glen Llewellyn Jenkins, Debtor/Respondent, Pro Se, commenced this objection/response to the Plaintiff's Motion for Relief from the Automatic Stay:

1. During the recent May 16, 2024 hearing by Zoom regarding confirmation of my first Chapter 13 plan (now amended), the Debtor requested permission from the Court to file an answer, past the May 13th deadline, to the Plaintiff's Motion For Relief From The Automatic Stay in my Chapter 13 Bankruptcy case. The Court agreed, although urging quick filing of my response. The Debtor apologizes, as critical, temporary demands had required immediate attention.

2. The Debtor also explained there appeared to be a regular mail non-delivery of the Motion to the Debtor's post office box in State College, PA.

1

The Debtor stated mix-ups/loss of mail had occurred previously through the State College Post Office. For security and reliability, the Debtor will seek the plaintiff's counsel KML Law Group to add email delivery for documents served/delivered to the Debtor.

3. The Debtor does not concur with the Movant's request for relief from stay, and requests the Court deny the Motion. A continuation of the Automatic Stay for a minimum of two months is requested for the following reasons:

   a. A short postponement at this time extends the Debtor's window to accumulate additional funds from newly active Independent Contractor employment, etc. to commence a fresh application for the mortgage loan modification, etc., in keeping with paragraph 10 of Movant's Motion, to "enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement."

   b. A lifting of the stay and a rescheduled sheriff sale of the debtor's property will greatly hinder Debtor's ability to continue the present income-producing tenant occupancy at the subject property (Debtor's residence), and perhaps in ethically leasing lucrative rentals for new tenants, presently being negotiated, for the mid-August start of the fall semester at nearby Penn State University. Such rentals have a long and proven income-producing history at Debtor's licensed/rental permitted rental premises/primary residence.

   The dependable tenant income is a significant portion of the Debtor's overall income and is essential at this time for successfully pursuing any loan modification, etc.

   c. The Debtor states the following to address the Movant's concerns regarding post petition payments:

      i. The Debtor will make a first payment of $3,398.66 (for the 1/1/24 Payment Date) on approximately June 15, 2024, made directly to Carrington Mortgage Services.

      ii. Debtor has accumulated savings earmarked toward the payment, and a fresh

2

       income cycle occurs at the start of June 2024.

   iii. The following supporting funding sources are also available, which must make their payments directly to a mortgage company:

       - Aetna Medicare Advantage/Nation's Benefits Extra Benefits Debit Card.

       - Local agencies that will assist with significant one-time payments toward mortgage arrears, notably the State College Borough Planning Department, Interfaith Human Services (IHS), etc.

   iv. Then, in the following months, similar payment amounts totaling $3,398.66 will be made directly to Carrington Mortgage Services, LLC.

   v. When feasible, and as soon as possible, the Debtor plans to pay additional funds to CMS during June 2024 and subsequent months to cure post petition arrearages.

4. Debtor's single major bankruptcy debt is the home mortgage loan with Carrington Mortgage Services, LLC (CMS) for his primary residence/income-producing property. The Debtor's goal in his Chapter 13 Bankruptcy case is, with the cooperation of CMS, is a solution to cure the arrearages and costs of the CMS mortgage loan and resume regular, monthly mortgage payments to the lender. Notably, the Debtor will next pursue a revamped loan modification package through, in conjunction with his Chapter 13 Plan, with Carrington Mortgage Services.

    WHEREFORE, the Debtor prays that Movant's Motion to lift the automatic stay be denied, and the Debtor be allowed to commence payments toward post petition arrearages directly to Carrington Mortgage Services, LLC, and simultaneously pursue a loan modification package with the mortgage company under his Chapter 13 Bankruptcy Plan.

Dated: May 13, 2024                                         /s/ Glen Llewellyn Jenkins, Debtor Pro Se

                                                                Case No. 4:23-bk-02808

                                                                PO Box 914

                                                                State College, PA 16804-0914

                                                                g.jenkins1@yahoo.com

CERTIFICATE OF SERVICE

I, Glen L. Jenkins, Debtor pro se, hereby certify that on the 13th day of May 2024, I served the following with a true and correct copy of the **DEBTOR/RESPONDENT'S OBJECTIONS/RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM THE AUTOMATIC** STAY by electronic means on the following parties listed below.

| Attorneys for Movant/Applicant | Trustee |
|---|---|
| Michael P. Farrington, esquire | Jack N. Zaharopoulos |
| 701 Market Street, Suite 5000 | 125 Adams Drive, Suite A |
| Philadelphia, PA 19106 | Hummelstown, PA 17036 |
| KMLALAWGROUP.COM | info@pamd13trustee.com |

| U.S. Bankruptcy Court | Office of the US Trustee |
|---|---|
| Max Rosenn US Courthouse | US Courthouse |
| 197 S. Main Street | 1501 N. 6th Street |
| Wilkes-Barre, PA 18701 | Harrisburg, PA 17102 |
| | info@pamd13trustee.com |

Agatha R. McHale, esquire

Office of the Standing Chapter 13 Trustee

Jack N. Zaharopoulos

Suite A, 8125 Adams Drive

Hummelstown, PA 17036

amchale@pamd13trustee.com

Date: May 13, 2024

                          /s/ Glen L. Jenkins

                          Glen Llewellyn Jenkins, Debtor, pro se

                          4:23-bk-02808

                          814/222-5050

                          g.jenkins1@yahoo.com

Case 4:23-bk-02808-MJC   Doc 64   Filed 06/03/24   Entered 06/03/24 08:25:52   Desc
Main Document    Page 5 of 5